# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MICHAEL L. CHIRES,**

       **Plaintiff,**            **CIVIL ACTION NO. 06-CV-14971-DT**

 **VS.**                               **DISTRICT JUDGE SEAN F. COX**

**CUMULUS BROADCASTING**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**L.L.C., et al.,**

       **Defendants.**
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL
## AND
## DENYING WITHOUT PREJUDICE DEFENDANTS' CROSS MOTION FOR PROTECTIVE ORDER

Several discovery motions are now before the Court. Plaintiff filed a Motion for Protective Order and Motion to Compel on April 17, 2007. (Docket no. 14). Defendants filed a Cross Motion for Protective Order on May 7, 2007. (Docket no. 20). Defendants have responded to Plaintiff's motion. (Docket no. 19). Plaintiff has filed a Reply brief. (Docket no. 25). The Court heard oral argument from counsel on June 5, 2007. These matters have been referred to the undersigned for decision. (Docket nos. 15, 21). They are now ready for ruling.

**I.    Facts**

Plaintiff was formerly employed by Defendants as their Market Manager for their cluster of radio stations in the Flint, Michigan area which consisted of four radio stations. Defendants terminated Plaintiff's employment in November 2005. Plaintiff brings this suit for breach of contract.

Plaintiff served his First Interrogatories and First Requests to Produce on October 10, 2006. Defendants later removed the action to this Court. The notice of removal was filed on November 3, 2006. The discovery requests are 21 Interrogatories and 23 Requests to Produce. Defendants answered both on January 5, 2007. On four of the answers to Interrogatories Defendants said they would produce documents following the entry of a protective order. On practically all of the Requests to Produce Defendants said they would produce documents after the entry of a protective order. Plaintiff later received 165 pages of documents from Defendants, but states that he cannot tell to which discovery requests the documents are responsive. Defendants have not produced other documents pending entry of a protective order.

Of particular relevance to these motions are Plaintiff's Requests to Produce 16, 17 and 19. In Request 16, Plaintiff seeks monthly revenue budgets for the four stations at issue from January 2004 to the present. In Request 17, Plaintiff seeks all monthly revenue reports for the same four stations from January 2004 to the present. Finally, in Request 19, Plaintiff seeks all "Arbitron Rating" reports for the four stations from January 2004 to present. (Docket no. 14, ex. C).

The parties have stipulated to the form of a protective order which is attached as exhibit D to docket no. 14. They disagree on whether the following sentence should be added to the order: "In the event that any confidential material or information is included as an exhibit to or otherwise disclosed as part of any pleading, motion, or paper filed with the Court, the confidential material only shall be filed under seal in accordance with the requirements of Local Rule 5.3 and this Court's December 4, 2006 Scheduling Order." The parties also have not agreed on whether after entry of a protective order Defendants should be ordered to amend their responses to Plaintiff's First

Interrogatories and First Requests to Produce, indicating which discovery has already been answered.

**II.     Governing Law**

Rule 26(c), Fed. R. Civ. P., allows the Court to enter a protective order "for good cause shown" to protect a party by requiring that confidential material not be revealed or be revealed only in a designated way. When a business seeks protection of confidential information, it must show that disclosure would cause significant harm to its competitive and financial position. *See Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981); *see also Easton Sports, Inc. v. Warrior Lacrosse, Inc.,* 2006 WL 2708550 at *2 (E.D. Mich. Sept. 20, 2006). Such a showing requires specific demonstrations of fact, supported by affidavits and concrete examples. *Easton Sports, Inc.*, 2006 WL 2708550.

**III.    Analysis**

The parties agree that a protective order should be entered in this case. The question is whether it should include the sentence quoted above that would automatically seal all of the material designated as confidential by the parties. The issue therefore is not whether a protective order should be entered, but whether certain documents should be sealed. The documents at issue are the "monthly revenue budgets," "monthly revenue reports," and "Arbitron Rating" reports for the Defendants' four radio stations. (Docket no. 19 at 5).

Defendants have submitted the affidavit of Laurie Richter, their Business Manager, in support of their argument that the budgetary information of the stations is confidential information that should be sealed by the Court if it is submitted by one of the parties. Richter describes the steps that Defendants take to keep such information private such as keeping paper copies under lock-and-

3

key and protecting electronic copies with passwords. (Docket no. 19, ex. A). Richter states that disclosure of such information to the public would place Defendants at a significant competitive disadvantage–a competitor could use information relating to Defendants' monthly profits and losses to measure trends in Defendants' financial health in the Flint market. Also, attached as an exhibit to this affidavit is a redacted copy of Defendants' agreement with Arbitron which requires Defendants to limit the disclosure of Arbitron data. In general, disclosure is allowed only for obtaining and retaining advertising accounts.

Defendants rely on several cases which show that similar information has been sealed by courts. (Docket no. 19 at 9). However, two of these cases fail to provide any discussion of the decision to seal. *See Nanjing Textiles Imp./Exp. Corp. v. NCC Sportswear Corp.*, 2006 WL 2381847 at *2 (S.D.N.Y. Aug. 14, 2006); *F.T.C. v. QT, Inc.*, 2005 WL 2240874 at *5 n.21 (N.D. Ill. Sept. 14, 2005). It is not clear that such an issue was contested in those cases. In the third case cited by Defendants, the court sealed a report on a party's "sensitive cost structure analysis." *Ironclad, L.P. v. Poly-America, Inc.*, 2000 WL 1400762 at *15 (N.D. Tex. July 28, 2000). However, that court failed to discuss how the party made the showings of harm which are required in this district and circuit before a document may be sealed.

On the other hand, in *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743 (E.D. Mich. 2001), the issue was whether certain documents should remain sealed. The court noted that it is the burden of the party wishing to seal documents to show that disclosure would cause serious competitive or financial harm. *Id.* at 745. As noted above, concrete examples rather than broad, conclusory allegations of potential harm are required. *Easton Sports, Inc.*, 2006 WL 2708550.

4

Moreover, with particular regard to the sealing of documents which would otherwise be part of the court record that is open to the public, the Sixth Circuit has stated that a private litigant's interest in protecting its commercial self-interest does not qualify as a ground for keeping information under seal. *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 225 (6th Cir. 1996). In addition, in *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165 (6th Cir. 1983), the court rejected the tobacco company's argument that a court-ordered seal on certain documents was justified by a confidentiality agreement between Brown & Williamson and four other tobacco companies and the FTC. The court noted that there was no trade secret at issue. It found that the "confidentiality agreement between the parties does not bind the court in any way." *Id*. at 1180.

Defendants have failed to make the strong showing needed to justify sealing the documents at issue in this case. The Richter affidavit speaks only to the budgetary documents. It states a basis for some potential harm resulting from disclosure of the information, but falls short of the concrete examples showing serious financial harm that are required. Morever, the commercial self-interest of a business is likely not sufficient reason in and of itself to justify sealing documents. *See Proctor & Gamble*, 78 F.3d at 225. Finally, the agreement between Defendants and Arbitron does not bind the Court. *See Brown & Williamson*, 710 F.2d at 1180. Defendants do not argue that a trade secret is at issue.

Even though Defendants have not made the showing required to justify sealing at this time, the Court will not totally foreclose their opportunity to make that showing. Clearly, the budgetary information of the stations is confidential in nature. Also, Defendants have a contractual obligation to Arbitron to keep Arbitron data confidential. The Court is sensitive to the reality that if these documents are filed with the Court they will become public information. Accordingly, before

Plaintiff files with the Court any "monthly revenue budgets," "monthly revenue reports," or "Arbitron Rating reports" of Defendants' four radio stations at issue in this case, counsel must confer and attempt to agree on a stipulation, a redacted copy of the documents, or some other limitation on the information to be filed. If no agreement is possible, Defendants may file a motion for a protective order to have the document(s) at issue filed under seal, and the Court will consider it.

The parties have agreed that Defendants will produce additional documents responsive to Plaintiff's discovery requests within seven days of this Court's entry of a Protective Order. Defendants have not opposed Plaintiff's request that they also be required to serve amended responses to those discovery requests indicating which discovery has already been answered. The Court will require Defendants to serve the amended responses.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order and Motion to Compel (docket no. 14) is **GRANTED**. The parties will submit to the Court for filing a copy of the protective order (docket no. 14, ex. D) on or before Monday, June 11, 2007.

**IT IS FURTHER ORDERED** that on or before Tuesday, June 19, 2007, Defendants will produce additional documents responsive to Plaintiff's discovery requests as stipulated, and amend their responses to Plaintiff's First Interrogatories and First Requests to Produce indicating which discovery has already been answered.

**IT IS FURTHER ORDERED** that Defendants' Cross Motion for Protective Order (docket no. 20) is **DENIED** without prejudice as set out above.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 06, 2007                                  s/ Mona K. Majzoub
                                                      MONA K. MAJZOUB
                                                      UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 06, 2007                                  s/ Lisa C. Bartlett
                                                      Courtroom Deputy